## Duck *against* The Chief Burgess.

In an action founded upon a penal statute or ordinance, it is not sufficient to lay the offence charged in the very words of the statute or ordinance, unless they expressly serve to allege the very fact with all necessary additions and without uncertainty or ambiguity. The special circumstances necessary to individuate the offence must be stated distributively and not disjunctively.

ERROR to the common pleas of *Dauphin* county.

The Chief Burgess, &c. of the borough of Harrisburg against William Duck and William Berryhill.

This action was brought to recover the penalty of 5 dollars, under the following ordinance of the borough.

Section 3. And be it further ordained by the authority aforesaid, That if any distiller, soapboiler, tallowchandler or butcher, within the said borough, shall discharge any nauseous liquor or blood from any stillhouse, workshop or slaughterhouse, so that such liquor or blood shall pass into or along any of the said streets, lanes or alleys, or if any soapboiler, tallowchandler or butcher shall keep, collect or use, or cause to be kept collected or used, in any of the inhabited parts of the borough, any stale, putrid or stinking fat, grease or other matter, or if any butcher shall keep at or near his slaughterhouse any blood, garbage, entrails, offal or filth whatsoever, so as to annoy any of the inhabitants of the said borough, or any other person, he, she or they so offending, and being thereof convicted in manner aforesaid, shall forfeit and pay for every such offence the sum of 5 dollars, with costs of conviction and expense of removing the same.

The facts were proved, and the jury rendered a verdict for the plaintiffs for 5 dollars, the penalty.

After verdict the defendant moved in arrest of judgment for defect of form in the declaration; that part excepted to was the following averment. "And the said, 'the Chief Burgess, Assistant Burgess and Town Council of the borough of Harrisburg,' further aver, that the said William Duck and William Berryhill, on the 26th day of June, in the year of our Lord 1837, and on divers days and times, before that day and between that day and the 1st day of April, in the year last aforesaid, and within the inhabited parts of the borough of Harrisburg, did keep, collect or use, or caused to be kept, collected or used, stale, putrid or stinking fat, grease or other matter, to the great annoyance of many of the inhabitants of said borough of Harrisburg, contrary to the provisions of the aforesaid ordinance, rule or by-law. By reason whereof action hath accrued, &c."

VII.—Q 2

[Duck v. The Chief Burgess.]

The court below (Blythe, President) was of opinion that the declaration was bad, and arrested the judgment.

This was the error assigned.

*J. A. Fisher,* for plaintiff in error, cited, 3 *Chitt. Pl.* 214; 8 *W. Blacks. Rep.* 842; 3 *Wils.* 318; 1 *Chit. Pl.* 263, 356; 1 *Salk.* 212; 1 *Bos. & Pul.* 227.

*M'Clure* and *M'Cormick,* contra, were stopped by the court.

Per Curiam.—The plaintiff declared generally, in the words of the by-law, that the defendant had annoyed the public with a collection of "stale, putrid or stinking fat, grease or other matter," without more circumstance at all. But it is not sufficient in an indictment or popular action, which this resembles, to lay the offence in the very words of the statute, unless they expressly serve to allege the very fact with all necessary additions, and without a grain of uncertainty or ambiguity. Thus for instance, an indictment on the statute of usury, in which it is set forth that the defendant took more than five in the hundred, is bad if it do not set forth also how much. *Hawk.*, *b.* 2, *ch.* 25, *sect.* 111. The special circumstances necessary to individuate the offence must be stated distributively, and not disjunctively; for to say the defendant did the act or caused it to be done, is to say he committed one of two offences without charging him particularly with either. *Hawk.*, *b.* 2, *ch.* 25, *sect.* 58. Here it is not said what the offensive matter was; or what was its state or condition. It may have been fat, or grease, or other matter, but it could not be all three; and it may have been stale, and then it would be only unpleasant, or putrid, and then it would be unwholesome, or stinking, and then it would be nauseous. In these particulars the cause of action is utterly deficient.

Judgment affirmed.